IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, #N08328, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-995-GPM |
| | ) |
| ZACH ROECKEMAN, | ) |
| JESSICA STOVER, TONI ISAACS, | ) |
| KAREN KIRSCHKE, DENNIS LARSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Steve Dinwiddie is detained at Big Muddy River Correctional Center ("BMR") as a sexually dangerous person ("SDP") pursuant to the Illinois Sexually Dangerous Persons Act, 725 ILL. COMP. STAT. 205/0.01, *et seq.* (Doc. 3, p. 7).  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 3).  Plaintiff claims that five BMR officials violated his rights under Illinois law and the Due Process Clause of the Fourteenth Amendment.  According to the complaint, four officials--Defendants Roeckeman (warden), Stover (SDP program director), Isaacs and Kirschke (SDP counselors)--provided Plaintiff with ineffective treatment in the SDP program before wrongfully suspending him from it (Doc. 3, p. 7).  Defendant Larson, who is a medical doctor at BMR, allegedly provided Plaintiff with inadequate medical care for a testicular cyst.  Plaintiff now seeks monetary damages, injunctive relief, and a prison transfer (Doc. 3, p. 6).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Civilly committed sex offenders in Illinois are subject to the Prison Litigation Reform Act.  *See Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004); *see also*

1

28 U.S.C. § 1915A, *et seq.*  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  After fully considering the allegations in the complaint, the Court finds it appropriate to dismiss Plaintiff's claims under § 1915A for failure to state any claim upon which relief can be granted.

**The Complaint**

The complaint primarily focuses on two issues.  First, Plaintiff challenges the SDP treatment program at BMR as being inadequate.  Second, he takes issue with medical care he received for a testicular cyst.

**1.     SDP Treatment Program**

Plaintiff alleges that the SDP treatment program fails to comply with "accepted medical standards" (Doc. 3, p. 5). The program is understaffed (Doc. 5, p. 1; Doc. 3, p. 7). The program is not directed by a psychiatrist (Doc. 3, p. 5). Only three staff members are available to treat sex offenders (Doc. 3, p. 7). According to the complaint, they are not qualified to provide services to sex offenders. Defendant Kirschke is allegedly "not in compliance with the sex offender man[agement] board" (Doc. 3, p. 5). Defendants Stover and Isaacs are not approved by the sex offender management board to treat sex offenders. Both denied Plaintiff's requests to transfer to a different counseling group. In addition, Defendant Stover forced Plaintiff to "work through [his] problem" with Defendant Isaacs, against whom Plaintiff has filed a complaint (Doc. 3, pp. 5, 7). Defendant Isaacs issued Plaintiff two disciplinary tickets that resulted in his suspension from the SDP program.

Plaintiff raises Illinois state law and Fourteenth Amendment due process claims against Defendants Roeckeman, Stover, Isaacs, and Kirschke for providing him with ineffective treatment in the SDP treatment program. He also raises a retaliation claim against these defendants. Plaintiff asks the Court to "take over administration of the SDP program" and order his transfer to another institution (Doc. 3, p. 6).

**2.     Testicular Cyst**

Plaintiff also sues Defendant Larson for providing him with inadequate medical treatment (Doc. 3, p. 2). According to the complaint, Defendant Larson examined Plaintiff's testicular cyst on August 22, 2013. He "ignor[ed the] size of the cyst" (Doc. 3, p. 3). Plaintiff states, "[T]his Doctor still den[ies] that its [sic] his same size, [and] this Defendant knows of a substantial risk

of harm to plaintiff in this different size of plaintiff's cyst." Plaintiff alleges that the cyst causes pain.

The complaint refers to a grievance that Plaintiff filed to address this issue on June 9, 2013, but provides no details or a copy of the grievance. The exhibits include excerpted medical records and a newspaper article, but provide little additional information about Defendant Larson's examination of Plaintiff beyond a referral to a specialist for examination of the cyst (Doc. 3, p. 11). Plaintiff now raises a claim against Defendant Larson under the Due Process Clause of the Fourteenth Amendment for providing him with inadequate medical care.

## DISCUSSION

The Court finds it convenient to divide the complaint into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Illinois state law claim against Defendants Roeckeman, Stover, Isaacs, and Kirschke for providing Plaintiff with ineffective treatment in the SDP treatment program.

**Count 2:** Fourteenth Amendment due process claim against Defendants Roeckeman, Stover, Isaacs, and Kirschke for providing Plaintiff with ineffective treatment in the SDP treatment program.

**Count 3:** Retaliation claim against Defendants Roeckeman, Stover, Isaacs, and Kirschke for suspending Plaintiff from the SDP treatment program.

**Count 4:** Fourteenth Amendment due process claim against Defendant Larson for providing Plaintiff with inadequate medical care for a testicular cyst.

**Count 1 – State Law Claim for Ineffective Treatment**

Plaintiff has failed to state any claim for relief under Illinois law for his allegedly ineffective treatment in the SDP treatment program (**Count 1**).  The complaint alludes to Illinois law requiring the Department of Corrections to safely confine sexually dangerous persons and provide them with medical care and treatment that is designed to effect recovery.  *See* 725 ILL. COMP. STAT. 205/8 (Doc. 5, p. 1); *see also* 730 ILL. COMP. STAT. 5/3-7-2(d).  However, Plaintiff has pointed to no authority, and this Court has found none, which suggests that Illinois courts would infer a damages remedy from statutes regulating the Department of Corrections.  *Ambrose v. Godinez*, 510 Fed. Appx. 470 (7th Cir. 2013) (unpublished) (citing *McNeil v. Carter*, 318 Ill. App. 3d 939 (2001) (concluding that Uniform Code of Corrections "does not provide a private cause of action for prisoners who receive inadequate medical care"); *Ashley v. Snyder*, 316 Ill. App. 1252 (2000) (explaining that Uniform Code of Corrections was "designed to provide guidance to prison officials in the administration of prisons," not to confer rights on prisoners)).  Accordingly, Count 1 shall be dismissed for failure to state a claim upon which relief can be granted.

**Count 2 – Fourteenth Amendment Claim for Ineffective Treatment**

Plaintiff has failed to state a cognizable Fourteenth Amendment due process claim (**Count 2**) against Defendants Roeckeman, Stover, Isaacs, and Kirschke for providing Plaintiff with inadequate treatment in the SDP treatment program.  In Count 1, Plaintiff alleges that he has been denied adequate mental health treatment in the SDP treatment program because of understaffing and under-qualified staff, among other things.

Civilly committed persons under the Illinois Sexually Dangerous Persons Act are treated as pretrial detainees.  *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013); *Sain v. Wood*, 512

F.3d 886, 893 (7th Cir. 2008); *Kalinowski*, 358 F.3d at 979.  While in custody, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate psychiatric care.  *See City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983); *Payne v. Churchich,* 161 F.3d 1030, 1040-41 (7th Cir. 1998).  Prison officials are obligated to provide for the psychiatric care of inmates pursuant to their constitutional obligation to address an inmate's serious medical needs.  *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)).  Although this type of claim is derived from the Due Process Clause of the Fourteenth Amendment, the protection afforded Plaintiff is "functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."  *Smego*, 723 F.3d at 756 (citations omitted).

Courts interpret the Eighth Amendment, as incorporated through the Fourteenth Amendment, as imposing a duty on states "to provide adequate medical care to incarcerated individuals."  *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (citing *Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006) (quoting *Boyce v. Moore,* 314 F.3d 884, 888–89 (7th Cir. 2002)).  Officials violate this duty when they "display deliberate indifference to serious medical needs of prisoners."  *Id.* at 1010 (internal quotation omitted).  To establish a claim of deliberate indifference based on the denial of medical care, the plaintiff must show both an objectively serious medical condition and the defendant's deliberate indifference to that condition.  *Smego*, 723 F.3d at 756 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)).

For purposes of this review, the Court does not question the seriousness of Plaintiff's underlying mental health diagnosis.  He is civilly detained as a sexually dangerous person in

need of treatment. The Court assumes at this stage that Plaintiff's mental health condition is sufficiently serious to satisfy the objective prong of this test.

Still, the complaint is devoid of allegations suggesting that any defendant displayed deliberate indifference to Plaintiff's mental health treatment needs. As for the subjective component of this claim, a plaintiff must show that the defendants were aware of his serious medical need and were deliberately indifferent to it. To establish deliberate indifference, the plaintiff must meet "essentially a criminal recklessness standard." *McGee v. Adams*, 721 F.3d 474, 481 (citation omitted). Even gross negligence is insufficient to impose constitutional liability on Defendants. *Id.*

The complaint contains no allegations that any defendant was deliberately indifferent to his mental health needs. Plaintiff generally alleges, without explanation, that the SDP treatment program fails to comply with "accepted medical standards" (Doc. 3, p. 5). According to the complaint, Defendant Kirschke is "not in compliance with the sex offender man[agement] board" (Doc. 3, p. 5). Defendants Stover and Isaacs are not approved by the sex offender management board to treat sex offenders, and no psychiatrist directs the program. However, Plaintiff does not explain these allegations or provide any factual or legal support for them. It is therefore not clear whether Plaintiff is claiming that, in his personal opinion, these defendants are unqualified or that they have been deemed to be incompetent or lacking in qualifications by some third party. Either way, this alone does not amount to deliberate indifference to Plaintiff's mental health needs on the part of any particular defendant. The allegations, as stated in the complaint, amount to nothing more than conclusory legal statements and bald assertions. They are far too sketchy to support Plaintiff's Fourteenth Amendment due process claim for ineffective treatment against Defendants Roeckeman, Stover, Isaacs, and Kirschke at this stage.

Further, Defendants Stover's and Isaacs' denial of Plaintiff's request to transfer to another counseling group does not, in itself, amount to deliberate indifference. This is particularly true when Plaintiff's request was denied because Defendant Stover wanted Plaintiff to "work through [his] problem" with Defendant Isaacs (Doc. 3, pp. 5, 7). Working through problems with a counselor is a necessary and unavoidable component of any treatment process, even if Plaintiff disagrees with the process or the counselor. Beyond this, the complaint provides no details about Plaintiff's request, denial, or complaint about Defendant Isaacs. The complaint does not even allege that another counseling group was available at BMR.

Finally, the fact that Defendant Isaacs issued Plaintiff disciplinary tickets that caused his suspension from the program and delayed treatment also does not amount to deliberate indifference; the complaint does not allege that the disciplinary tickets were false or issued without justification. In fact, the complaint sets forth no details regarding the disciplinary tickets at all. As such, the complaint falls short of alleging a Fourteenth Amendment due process claim against Defendants Roeckeman, Stover, Isaacs, and Kirschke for providing Plaintiff with inadequate treatment in the SDP treatment program. For these reasons and those set forth in the following section, Count 2 shall be dismissed for failure to state a claim upon which relief can be granted.

**Count 3 – Retaliation Claim**

Plaintiff's retaliation claim (**Count 3**) against Roeckeman, Stover, Isaacs, and Kirschke also fails. It is nearly incoherent. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate must allege a chronology of

events from which retaliation may plausibly be inferred. *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988) (citing *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987)). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

The complaint lacks sufficient allegations to support this claim. It does not identify a protected activity that was discouraged by Defendants' alleged retaliation. The complaint also sets forth no chronology of events from which retaliation can plausibly be inferred. Denial of Plaintiff's request to transfer to a new counseling group, alone, does not constitute retaliation, particularly when the complaint does not indicate where in the chronology of events this denial occurred. Likewise, Plaintiff's suspension from the treatment program based on two disciplinary tickets does not, in itself, lead the Court to infer that retaliation was the cause of Plaintiff's suspension, particularly when Plaintiff does not allege that the tickets were falsely issued. Plaintiff is not immune from discipline simply because he is in the SDP treatment program. As the Supreme Court has observed, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Because the complaint lacks sufficient details about these tickets, it is not possible to determine whether or how the tickets relate to Plaintiff's retaliation claim or fit into the legal framework established in *Bell* and later cases. Without more, this claim fails. Accordingly, Count 3 shall also be dismissed for failure to state a claim upon which relief can be granted.

**Count 4 – Fourteenth Amendment Claim For Inadequate Medical Treatment**

Plaintiff's claim for inadequate diagnosis and/or treatment of a testicular cyst (**Count 4**) also fails.  As set forth above, an Eighth Amendment claim for inadequate medical care, as incorporated through the Fourteenth Amendment, contains two elements: (1) the detainee suffered an objectively serious harm that presented a substantial risk to his safety; and (2) the defendant was deliberately indifferent to that risk.

Assuming without deciding that Plaintiff's testicular cyst constitutes a serious medical need, the Court still finds that the complaint fails to suggest any sort of deliberate indifference on the part of Defendant Larson.  Only one paragraph is devoted to this claim.  The allegations in this paragraph are contradictory and nonsensical (Doc. 3, p. 3).  The complaint alleges that Defendant Larson, who referred Plaintiff to a specialist for examination of his cyst, "ignor[ed] the] size of the cyst" (*Id.*).  It goes on to state that, "this Doctor still den[ies] that its [sic] his same size, [and] this Defendant knows of a substantial risk of harm to plaintiff in this different size of plaintiff's cyst."  Although it is not clear, Plaintiff seems to be questioning Defendant Larson's diagnosis and treatment plan.

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a difference of opinion between medical professionals

concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898. Based on this standard, Count 4 fails to state a claim upon which relief can be granted and shall be dismissed.

## PENDING MOTIONS

**1.     Motion for Injunctive Relief (Doc. 5)**

Along with the complaint, Plaintiff filed a separate motion for injunctive relief (Doc. 5). Although this motion is identified in CM/ECF as a Motion for Preliminary Injunction, it is not clear that this is the relief Plaintiff seeks. His motion is entitled, "Motion for Injuncti[v]e Relief." He also does not mention Rule 65 of the Federal Rules of Civil Procedures, which governs the same, anywhere in the motion.

Even assuming that Plaintiff does seek a preliminary injunction at this time, the Court finds it appropriate to deny the request. In the motion, Plaintiff vaguely alludes to the allegations raised in the complaint (Doc. 5, p. 1). Plaintiff takes issue with numerous aspects of BMR's treatment program for sexually dangerous individuals, including its staffing shortage (Doc. 5, pp. 1-2). He asks the Court to "take over administration of the sexually dangerous person program" and order Plaintiff's transfer to another prison facility.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer

irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Id*.

A preliminary injunction should not be issued at this time. Like the complaint, the allegations in Plaintiff's motion do not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the other criteria outlined above. Accordingly, Plaintiff's Motion for Injunctive Relief is **DENIED**.

**2.     Motion for Miscellaneous Relief (Doc. 12)**

Plaintiff also filed a motion seeking an update on the status of this case (Doc. 12). This threshold order provides Plaintiff with the requested update. Accordingly, Plaintiff's Motion for Miscellaneous Relief is **GRANTED**.

## DISPOSITION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for injunctive relief (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that **COUNTS 1, 2, 3,** and **4** are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that Defendants **ROECKEMAN, STOVER, ISAACS, KIRSCHKE,** and **LARSON** are **DISMISSED with prejudice** from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  November 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge